UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

COSME BELLO-GOBEA,

              Defendant.

------------------------------------X

12 Cr. 114-01 (RWS)

AMENDED SENTENCING OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/4/13

**Sweet, D.J.**

        On June 24, 2013, Cosme Bello-Gobea ("Bello-Gobea" or "Defendant") pled guilty to one count of unlawfully entering the United States after having been deported subsequent to an aggravated felony conviction, without having obtained the express consent of the Attorney General of the United States or the Secretary for the Department of Homeland Security, to reapply for admission, pursuant to 8 U.S.C. §§ 1326(a)&(b)(2). Bello-Gobea, in pleading guilty to this offense, also violated the conditions of his supervised release, constituting a Grade B violation.

        For the reasons set forth below, Bello-Gobea will be

1

months' imprisonment for violating his supervised release, to run concurrently. Bello-Gobea will also be required to pay a special assessment of $100.

**Prior Proceedings**

On January 24, 2013, Indictment 12 CR 114 (RWS) was filed in the Southern District of New York.

Count One charges that from at least November 26, 2011, in the Southern District of New York and elsewhere, Bello-Gobea, being an alien, unlawfully entered and was found in the United States after having been deported from the United States subsequent to an aggravated felony conviction, without having obtained the express consent of the Attorney General of the United States or the Secretary for the Department of Homeland Security, to reapply for admission, pursuant to 8 U.S.C. §§ 1326(a)&(b)(2). Bello-Gobea pled guilty to this Count on June 24, 2013. In so doing, Bello-Gobea committed a Grade B violation of his supervised release, which became applicable when he reentered the United States illegally in November 2011.

Bello-Gobea's sentencing is currently scheduled for

October 1, 2013.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range

3

established for —

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement . . . [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Bello-Gobea's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The

4

specific facts of the underlying conduct are adopted as set forth in that report.

Bello-Gobea is a citizen of Mexico, and has never been a citizen of the United States. U.S. immigration records reflect that Bello-Gobea was found to be illegally in the United States on five separate occasions between August 10, 1997, and February 14, 1999, by border patrol agents. Bello-Gobea was voluntarily released back to Mexico on each of these occasions; thus, he was not formally deported.

On August 29, 2000, in Queens County Supreme Court in Queens County, New York, Bello-Gobea was sentenced to a total term of 42 months' imprisonment following a felony conviction for the offense of Robbery in the First Degree, and a misdemeanor conviction for the offense of Criminal Possession of a Weapon in the Fourth Degree. As a consequence of his felony conviction, on April 24, 2003, Bello-Gobea was deported to Mexico.

On July 25, 2005, in Cook County Circuit Court in Chicago, Illinois, Bello-Gobea was sentenced, principally, to six months' court supervision following a conviction for the

misdemeanor offense of Possession of Cannabis. On May 13, 2006, U.S. immigration officials again deported Bello-Gobea to Mexico.

In June 2006, Bello-Gobea illegally entered the U.S. by crossing the desert near Nogales, Arizona. On December 6, 2006, in response to an anonymous tip, ICE agents and officers with the Summit-Argo, Illinois, Police Department went to a residence in search of Bello-Gobea, who was suspected of being in the United States illegally. Bello-Gobea was not initially located, but was apprehended several hours later by local law enforcement who observed Bello-Gobea outside of the aforementioned residence. Bello-Gobea was arrested and taken into custody.

On July 3, 2007, in the U.S. District Court for the Northern District of Illinois, Bello-Gobea was sentenced to a 46-month term of imprisonment and two years' supervised release following a felony conviction for the offense of Illegal Re-Entry of a Deported Alien. As a consequence of his felony conviction, on September 18, 2010, Bello-Gobea was deported to Mexico.

On November 26, 2011, in the Bronx, New York, Bello-

Gobea, who identified himself under the name Pedro Perez, was arrested by the NYPD and charged with the misdemeanor offenses of Resisting Arrest and Criminal Possession of a Marijuana in the Fifth Degree. Following his plea of guilty to Disorderly Conduct, a violation, on December 8, 2011, Bello-Gobea was transferred from New York City custody to the ICE detention center in Manhattan, New York.

As a result of his illegal re-entry to the U.S., on January 24, 2012, Complaint 12 Mag. 180 was filed against Bello-Gobea in the SDNY. Bello-Gobea made his initial appearance in SDNY on the same day, and was remanded to federal custody. Defendant's actions in this matter also constitute a violation of the terms of his supervised release, which became applicable when he unlawfully returned to the United States in November 2011. Specifically, he committed a Grade B violation for his illegal entry, under § 7B1.4.

There are no identifiable victims in this action.

Bello-Gobea's criminal history is as follows:

| Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline |
| --- | --- | --- | --- |

| | | | |
|---|---|---|---|
| 10-24-99<br><br>Age: 20 | Robbery in the Second Degree; Criminal Possession of a Weapon in the Fourth Degree /<br>Queens County Supreme Court, Kew Gardens, NY<br>Ind # 3349-99 | 07-27-00: Pleaded guilty<br>08-29-00: 42 months' imprisonment, followed by 30 months' post-release supervision<br>04-24-03: Deported to Mexico<br>10-17-05: Parole term expired | 4A1.1(a)4A1.2(e)(1) |
| 05-22-05<br><br>Age: 25 | Possession of Cannabis /<br>Cook County Circuit Court, Chicago, IL<br>Dkt # 05500517001 | 07-25-05: Pleaded guilty; sentenced to six months' court supervision, and three days' community service<br>01-24-06: Supervision terminated<br>05-13-06: Deported to Mexico | 4A1.1(c)4A1.2(e)(2) |

8

| | | | |
|---|---|---|---|
| 12-06-06<br><br>Age: 27 | Illegal Re-Entry of a Deported Alien /<br>U.S. District Court, Northern District of Illinois, Chicago, IL<br>Dkt # 06 CR 952-01 | 02-21-07: Pleaded guilty<br>07-03-07: Sentenced to 46 months' imprisonment followed by two years' supervised release<br>08-19-10: Released to U.S. immigration detainer<br>09-18-10: Deported to Mexico<br>05-30-12: Violation of supervised release petition filed | 4A1.1(a)4A1.2(e)(1) |
| 11-26-11<br>Age: 32 | Disorderly Conduct /<br>Bronx Criminal Court, Bronx, NY<br>Dkt # 2011BX063624 | 12-08-11: Pleaded guilty; sentenced to a conditional discharge | 4A1.2(c) |
| 4-17-06<br>Age: 26 | Domestic Battery | Burbank, Illinois Police Department<br><br>Case # 06500399001 | 05-05-06: Stricken-off with leave to reinstate (dismissed) |

**The Relevant Statutory Provisions**

For Count One, pursuant to 8 U.S.C. §§ 1326(a)&(b)(2),

9

the maximum term of imprisonment is 20 years. If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2). The defendant is eligible for not less than one nor more than five years' probation by statute, pursuant to 18 U.S.C. § 3561(c)(1). The maximum fine is $250,000, pursuant to 18 U.S.C. § 3571. A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

For violating his supervised release, pursuant to § 7B1.4, for both Grade C&D violations, the maximum term of imprisonment is two years.

**The Guidelines**

The November 1, 2010 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to § 1B1.11(a). The Court finds the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

The base offense level is eight, pursuant to U.S.S.G.

§2L1.2(a). Because the defendant was previously deported following a crime of violence, the offense level is increased by 16 levels, pursuant to §2L1.2(b)(1)(A). The Defendant demonstrated acceptance of responsibility, through his allocution and subsequent conduct prior to the imposition of sentence and a three-level reduction is therefore warranted, pursuant to §3E1.1(a) and (b). In accordance with the above, the applicable Guidelines offense level is 21. In reviewing the information available to the U.S. Attorney's Office (including representations by the defense), the Defendant has nine criminal history points and a Criminal History Category of IV.

Based upon the calculations set forth above, the Defendant's Guideline range is 57 to 71 months' imprisonment. The fine range is $7,500 to $75,000.

With respect to Bello-Gobea's violation of his supervised release, under § 7B1.4, the Guideline Range is twelve to eighteen months for his Grade B violation.

Bello-Gobea has not been cited for any disciplinary incidents since entering federal custody in the instant case.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a downward departure from the Guidelines sentence is warranted in the instant case.

Under 18 U.S.C. § 3553(a)(1), the Court considers "the nature and circumstances of the offense and the history and characteristics of the defendant." Pursuant to 18 U.S.C. § 3553(2)(A), the Court weighs the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

In this case, Bello-Gobea was picked up on a relatively minor offense, for marijuana and disorderly conduct. Additionally, Bello-Gobea shows significant remorse for his actions, and only returned to the United States for his family. Defendant, in an interview to the probation officer, stated the following, in sum and substance: "I came back for my family, because of my wife and child. I lived here since I was young, and I have nothing in Mexico. I will not be returning here."

During the presentence interview on September 10, 2013, Bello-Gobea also expressed that although he is likely suffering from psychiatric problems, he does not feel the need to commence treatment until he is designated to a federal correctional institutional. He noted that as a result of his prolonged periods in custody in recent years, he suffers from persistent anxiety, and worries about his future. According to Defendant's prior federal presentence report, in early 2007, he was placed on suicide watch while housed in a detention center in Illinois. Defendant has not attended any formal schooling in the United States or in Mexico, and will be deported upon his release from incarceration.

In light of the nature and circumstances of the instant offense, the history and characteristics of the Defendant, the need for the sentence to promote respect for the law and to provide just punishment for the offense, the Court finds that a downward departure from the Guideline sentence is appropriate to impose a sentence "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a).

**The Sentence**

For the instant offense, Bello-Gobea will be sentenced to 46 months. For violation of his supervised release, Bello-Gobea will be sentenced to 12 months, to run concurrently.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for October 1, 2013.

It is so ordered.

New York, NY
September 4, 2013

_____
ROBERT W. SWEET
U.S.D.J.